UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY S.J. JAMESON,<br><br>    Plaintiff,<br><br>    v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,<br><br>    Defendant. | No. 2:23-cv-1305 DB<br><br><br>ORDER |

Plaintiff Barry Jameson is proceeding in this action pro se. This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Pending before the court are plaintiff's complaint, motion to proceed in forma pauperis pursuant to 28 U.S.C. § 1915, motion for permission for electronic filing, and request for status. (ECF Nos. 1-4.) Plaintiff's complaint alleges that the Social Security Administration has failed to grant plaintiff a timely hearing. The court is required to screen complaints brought by parties proceeding in forma pauperis. See 28 U.S.C. § 1915(e)(2); see also Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc).

**I.    Plaintiff's Application to Proceed In Forma Pauperis**

Plaintiff's in forma pauperis application makes the financial showing required by 28 U.S.C. § 1915(a)(1). However, a determination that a plaintiff qualifies financially for in forma

1    pauperis status does not complete the inquiry required by the statute.  "'A district court may deny

2    leave to proceed in forma pauperis at the outset if it appears from the face of the proposed

3    complaint that the action is frivolous or without merit.'"  Minetti v. Port of Seattle, 152 F.3d

4    1113, 1115 (9th Cir. 1998) (quoting Tripati v. First Nat. Bank & Trust, 821 F.2d 1368, 1370 (9th

5    Cir. 1987)); see also McGee v. Department of Child Support Services, 584 Fed. Appx. 638 (9th

6    Cir. 2014) ("the district court did not abuse its discretion by denying McGee's request to proceed

7    IFP because it appears from the face of the amended complaint that McGee's action is frivolous

8    or without merit"); Smart v. Heinze, 347 F.2d 114, 116 (9th Cir. 1965) ("It is the duty of the

9    District Court to examine any application for leave to proceed in forma pauperis to determine

10   whether the proposed proceeding has merit and if it appears that the proceeding is without merit,

11   the court is bound to deny a motion seeking leave to proceed in forma pauperis.").

12   Moreover, the court must dismiss an in forma pauperis case at any time if the allegation of

13   poverty is found to be untrue or if it is determined that the action is frivolous or malicious, fails to

14   state a claim on which relief may be granted, or seeks monetary relief against an immune

15   defendant.  See 28 U.S.C. § 1915(e)(2).  A complaint is legally frivolous when it lacks an

16   arguable basis in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v.

17   Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  Under this standard, a court must dismiss a

18   complaint as frivolous where it is based on an indisputably meritless legal theory or where the

19   factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327; 28 U.S.C. § 1915(e).

20   To state a claim on which relief may be granted, the plaintiff must allege "enough facts to

21   state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544,

22   570 (2007).  In considering whether a complaint states a cognizable claim, the court accepts as

23   true the material allegations in the complaint and construes the allegations in the light most

24   favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v.

25   Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245

26   (9th Cir. 1989).  Pro se pleadings are held to a less stringent standard than those drafted by

27   lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the court need not accept as true

28   ////

conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.  <u>Western Mining Council v. Watt</u>, 643 F.2d 618, 624 (9th Cir. 1981).

> The minimum requirements for a civil complaint in federal court are as follows:
>
>> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

Fed. R. Civ. P. 8(a).

## II.     Plaintiff's Complaint

Plaintiff's complaint alleges that plaintiff's "SSI was discontinued in July of 2022." (Compl. (ECF No. 1) at 5.[1])  That same month plaintiff was informed plaintiff would have to pay back some of the money received as SSI.  (<u>Id.</u> at 7.)  Attached to the complaint is a copy of a letter from the Social Security Administration reflecting that plaintiff was billed for "an overpayment" of $20,142.44.  (<u>Id.</u> at 72.)  The complaint alleges that plaintiff has "filed numerous appeals" and repeatedly requested a hearing but has yet to receive a hearing.  (<u>Id.</u> at 5.)

Plaintiff's complaint seeks relief pursuant to 28 U.S.C. § 1361.  (<u>Id.</u> at 6.)  Pursuant to §1361 "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."  For mandamus relief to be appropriate, a party must demonstrate that the Commissioner "'owe[d] him a clear nondiscretionary duty.'"  <u>Briggs v. Sullivan</u>, 886 F.2d 1132, 1142 (9th Cir. 1989) (quoting <u>Heckler v. Ringer</u>, 466 U.S. 602, 616 (1984)) (alteration in original). "Mandamus is an 'extraordinary remedy,'" <u>Patel v. Reno</u>, 134 F.3d 929, 931 (9th Cir. 1998), that "is available only when '(1) the plaintiff's claim is clear and certain; (2) the duty is ministerial and so plainly prescribed as to be free from doubt; and (3) no other adequate remedy is available.'"  <u>Lowry v. Barnhart</u>, 329 F.3d 1019, 1021 (9th Cir. 2003) (quoting <u>Or. Natural Res. Council v. Harrell</u>, 52 F.3d 1499, 1508 (9th Cir. 1995)).

////

---

[1] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

Moreover, pursuant to the Social Security Act this court may only review a "final decision of the Commissioner of Social Security made after a hearing." 42 U.S.C. § 405(g). Pursuant to § 405(g) a plaintiff must obtain a "final decision of the Commissioner of Social Security made after a hearing" before seeking judicial review of an agency decision regarding Social Security benefits. 42 U.S.C. § 405(g); 42 U.S.C. § 1383(c)(3). "A final decision has two elements: (1) presentment of the claim to the Commissioner, and (2) complete exhaustion of administrative remedies." Kildare v. Saenz, 325 F.3d 1078, 1082 (9th Cir. 2003). "[F]ailure to exhaust the procedures set forth in the Social Security Act, 42 U.S.C. [section] 405(g), deprives the district court of jurisdiction." Bass v. Social Sec. Admin., 872 F.2d 832, 833 (9th Cir. 1989) (citing Heckler v. Ringer, 466 U.S. 602, 617 (1984).).

However, "[e]xhaustion may be waived, either by the Secretary . . . or by the courts." Cassim v. Bowen, 824 F.2d 791, 795 (9th Cir. 1987). And "[u]nder 42 U.S.C. § 404, the SSA is prohibited from recovering overpayments made to a beneficiary until the SSA makes a pre-recoupment decision on the beneficiary's written reconsideration request and after an oral hearing on a request to waive recoupment." Courtney v. Saul, 827 Fed. Appx. 738, 739 (9th Cir. 2020). "[I]f the SSA recovers an overpayment without rendering a decision on a claimant's preliminary request to waive recoupment, the jurisdictional requirements of 42 U.S.C. § 405(g) are met and an action in federal court can proceed." Id.

Accordingly, for purposes of screening, the undersigned finds that plaintiff's complaint has stated a claim.

### III.     Request for Electronic Filing

On July 10, 2023, plaintiff filed a request for permission for electronic filing. (ECF No. 3.) Plaintiff's filing states only that plaintiff is "proceeding as a layperson-at-law" and therefore "requests permission to proceed by being able to use CM/ECF and PACER filing system." (Id.) However, permission for electronic filing implicates certain requirements and responsibilities. See generally Local Rules 131, 133, 137, 140, & 141. Based on plaintiff's sparse filing the undersigned is concerned that plaintiff may not be fully aware of the implications of being granted permission for electronic filing. Plaintiff's motion, therefore, will be denied without

prejudice to filing a renewed motion that acknowledges that plaintiff has reviewed the court's Local Rules and requirements for electronic filing.

## CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 2) is granted.

2. The Clerk of the Court is directed to issue process and to serve upon plaintiff the undersigned's Scheduling Order and Order re Consent or Request for Reassignment for social security cases.

3. In keeping with the court's new e-service procedure for Social Security cases service on the defendant Commissioner of Social Security Administration shall proceed under the court's E-Service program as follows.  Once a summons is issued, the Clerk of Court shall deliver to the Commissioner of Social Security Administration and the United States Attorney's Office at their designated email addresses a notice of electronic filing of the action along with the summons and complaint.  The Commissioner has agreed not to raise a defense of insufficient service of process if provided with notice of a complaint as detailed in this order.  This order is not intended to prevent parties from making any other motions that are appropriate under the Federal Rules of Civil Procedure.

4. Plaintiff's July 10, 2023 request for permission for electronic filing (ECF No. 3) is denied without prejudice.

5. Plaintiff's September 1, 2023 request for status (ECF No. 4) is denied as having been rendered moot.

Dated:  November 8, 2023

DLB:6
DB\orders\orders.pro se\jameson1305.ifp

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

5