UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY S.J. JAMESON,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | No. 2:23-cv-01305-SCR<br><br>ORDER |

Each of the parties in this case has consented to proceed before a United States Magistrate Judge. *See* 28 U.S.C. § 636(c); ECF No. 11. Accordingly, this matter was reassigned to the undersigned for all purposes. ECF No. 19. Now before the Court is Defendant's Motion to Dismiss (ECF No. 12). The Court grants the Motion and dismisses this action.

**I.    Background and Procedural History**

Plaintiff filed this action pro se on July 5, 2023. Plaintiff styled his complaint as a "Petition for Writ of Administrative Mandamus" and invoked the Court's jurisdiction pursuant to 28 U.S.C. §§ 1361 and 1651, as well as 5 U.S.C. § 706. ECF No. 1 at 4.[1] Plaintiff states he has been waiting for almost a year for a hearing before the Social Security Administration ("SSA")

---

[1] Page citations such as this one are to the number generated on the CM/ECF header and not the page number as designated by the party.

1

and requests the Court order the SSA to hold the hearing. *Id.*  Plaintiff alleged he was 67 years old and medically disabled and that the SSA had discontinued his benefits. *Id.* at 5.  He had been living in a van on a friend's property, and states that in order to assist her with getting a credit card, they opened a joint account which sometimes exceeded $2,000. *Id.* at 5-6.  Plaintiff contends that due to this amount being in his account, his SSA benefits were discontinued and he was informed he would have to pay back benefits. *Id.* at 6.  Plaintiff states he requested a hearing on August 6, 2022, so that as of the date of filing the Petition he had been waiting for eleven months. *Id.*  The Petition details his various communications with SSA and states that SSA was sending him payment reminder notices for the alleged overpayment. *Id.* at 6-7.  Plaintiff attached to his Petition nearly 70 pages of exhibits.  One of the exhibits is a letter from the SSA dated December 19, 2022, stating that his Supplemental Security Income ("SSI") payments will resume in January of 2023 in the amount of $1,251, and that they will also be sending payment for December 2022 because he did not have countable resources of more than $2,000 for that month.  ECF No. 1 at 61.  However, Plaintiff also states he has been receiving statements for alleged overpayments and attaches a letter from SSA dated June 22, 2023, showing a balance of $10,926.  ECF No. 1 at 69.

The Commissioner of Social Security responded to the Petition by filing a Motion to Dismiss.  ECF No. 12.  The parties filed opposition and reply briefs.[2]

**II.     Defendant's Motion to Dismiss**

Defendant's Motion to Dismiss, filed on January 5, 2024, argues the action should be dismissed as moot because Plaintiff's hearing on overpayment of benefits had been scheduled for January 30, 2024.  ECF No. 12.  Defendant contends that as the relief requested by Plaintiff was a hearing, there is no longer a justiciable case or controversy.  Further, Defendant argues that under 42 U.S.C. § 405(g) the Court may only review a "final decision of the Commissioner of Social Security made after a hearing." ECF No. 12 at 3.  Plaintiff's Response (ECF No. 13), filed on

---

[2] Plaintiff has also filed a "supplement" (ECF No. 14) and a sur-reply (ECF No. 18) without leave of Court.  Pursuant to Local Rule 230(m), supplemental materials are generally prohibited except with leave of court.  Defendant has not objected or moved to strike the supplemental materials, and the Court has considered them.

January 8, 2024, argued that the action was not moot because a hearing had merely been scheduled, and had not been held. Plaintiff argued that "[u]ntil a hearing is held, there is an 'actual controversy' at issue." ECF No. 13 at 2. Plaintiff further stated in an attached Declaration: "I informed Defendant's counsel that if a hearing was finally held while the petition was pending, I would of course agree to dismiss my petition as moot." *Id.* at 7.

On February 7, 2024, Plaintiff filed a "Supplemental Request." ECF No. 14. Therein Plaintiff states that a hearing was held before Administrative Law Judge Christopher Knowdell (ALJ), but Plaintiff alleges the ALJ did not address the issues he raised. ECF No. 14 at 2. Plaintiff argues that his "preliminary request to waive recoupment" was not considered by the ALJ. *Id.* at 3. Plaintiff in an attached declaration claims that the ALJ told him the issue of waiver of recoupment was not set forth in the administrative pleadings, and Plaintiff should obtain a form from the SSA and request a waiver. *Id.* at 6. Plaintiff further argues that Magistrate Judge Barnes, in her screening order (ECF No. 7) had already found that the Court has jurisdiction.

In response, Defendant stated that the hearing was held, the ALJ found Plaintiff had been overpaid, and the SSA had not recovered any portion of the overpayment. ECF No. 17 at 2. Further, Defendant states that as of March 13, 2024, Plaintiff had not appealed the ALJ decision to the Appeals Council and thus there was not a "final decision" reviewable by this Court. *Id.* Plaintiff then filed a 27-page sur-reply and supporting declaration in violation of Local Rule 230(m) and without leave of Court. ECF No. 18. Plaintiff's sur-reply requests the Court provide additional relief that was not requested in the Petition, including that the Court order him to be compensated for the loss of a 2017 Nissan van. ECF No. 18 at 12.

Plaintiff also attaches to his sur-reply a February 16, 2024 ALJ decision. *Id.* at 14. The ALJ decision evaluates Plaintiff's countable resources under 20 C.F.R. § 416.1205 (ECF No. 18 at 17), and concludes that Plaintiff received an SSI overpayment from June 2020 to January 2023 with the exception of 5 months. ECF No. 18 at 19. It further states that Plaintiff "may request a possible repayment plan with the local servicing field office." *Id.* Plaintiff's sur-reply does not address Defendant's argument that he had not appealed the ALJ decision to the Appeals Council,

////

even though the Notice of Decision clearly informs Plaintiff of his ability to appeal to the Appeals Council. *Id.* at 14.

In their briefing, both parties have submitted declarations and Plaintiff has submitted other written materials, including the ALJ's decision. A court can consider materials beyond the pleadings in evaluating a motion to dismiss based on lack of jurisdiction. *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) ("In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment."). "Mootness is a question of subject matter jurisdiction properly raised under Rule 12(b)(1)," and a court may consider evidence outside the pleadings in deciding a 12(b)(1) motion. *Zielinski v. SEIU Local 503*, 499 F. Supp. 3d 804, 808 (D. Or. 2020) (citing *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000)).

**A.     Mootness**

The relief sought in Plaintiff's Petition is for the Court to direct the SSA to hold a hearing. ECF No. 1 at 10. Plaintiff stated in his opposition to the motion to dismiss that he would voluntarily dismiss the action if a hearing was held. ECF No. 13 at ¶ 9 ("I informed Defendant's counsel that if a hearing was finally held while the petition was pending, I would of course agree to dismiss my petition as moot."). It is undisputed that SSA held a hearing.

"A claim is moot if it has lost its character as a present, live controversy." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1127 (9th Cir. 2009). "If there is no longer a possibility that a [party] can obtain relief for his claim, the claim is moot and must be dismissed for lack of jurisdiction." *Ruvalcaba v. City of Los Angeles*, 167 F.3d 514, 521 (9th Cir. 1999). Here, Plaintiff has already received the relief he sought in the petition – an ALJ hearing was held, thus rendering this action moot. *See In re United States,* 791 F.3d 945, 952 (9th Cir. 2015) ("a petition for a writ of mandamus directed to a district judge will ordinarily be rendered moot when the judge performs the act the petitioner seeks to compel through the writ."); *Bagha v. U.S. Parole Commission*, 2012 WL 3731374 (C.D. Cal. July 31, 2012) ("the present action is best construed as a mandamus petition, challenging the Parole Commission's delay in holding required hearings . . . [s]o construed, the action is moot in light of the hearings held by the Parole Commission").

The Court finds this action is moot. There are recognized exceptions which allow a court to review an otherwise moot claim, such as: 1) collateral legal consequences; 2) capable of repetition yet evading review; and 3) voluntary cessation. *See Center for Biological Diversity v. Lohn*, 511 F.3d 960, 964 (9th Cir. 2007). None of these exceptions apply under the circumstances. A hearing was held and an ALJ issued a decision. Plaintiff had the opportunity to appeal the decision to the Appeals Council. If Plaintiff did so and exhausted administrative remedies, he could then seek judicial review.

### B.      Section 405(g)'s Final Decision Requirement

Defendant also argues there is not a "final decision" subject to judicial review. Section 405(g) provides in relevant part: "Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow." This provision allows for judicial review of final decisions, made after a hearing, and commenced within 60 days after the notice of decision. A "final decision" has two elements: 1) presentment of the claim to the Commissioner; and 2) complete exhaustion of administrative remedies. *Kildare v. Saenz*, 325 F.3d 1078, 1082 (9th Cir. 2003).

Mandamus jurisdiction under 28 U.S.C. §1361 "is an appropriate basis for jurisdiction in an action challenging procedures used in administering social security benefits." *Kildare*, 325 F.3d at 1084. However, mandamus is an "extraordinary remedy" and is only available if: 1) the individual's claim is clear and certain; 2) the official's duty is nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt, and 3) no other adequate remedy is available. *Id.* If further administrative review is available which could correct the error alleged by a plaintiff, then the third element is not met. *Id.* at 1084-85. Here, Plaintiff had further administrative review available at the time he brought this action.

The Ninth Circuit's decision in *Tsang v. Berryhill*, 738 Fed.Appx. 549 (9th Cir. 2018), is instructive. There plaintiff Aaron Tsang's SSI benefits were suspended, and he claimed SSA had

improperly offset funds from his benefits and applied them towards an outstanding debt to the Department of Education. *Id.* at 550. The Ninth Circuit stated that SSA had not held a hearing regarding the suspension of Aaron's SSI benefits, and "the Appeals Council had neither denied review nor rendered its own findings on the merits, and so the agency had not issued a final decision." *Id.* Accordingly, the Ninth Circuit concluded the "district court properly found the Tsangs had not exhausted their administrative remedies, as required for judicial review under the Social Security Act." *Id.* The Circuit further noted that courts may review a non-final SSA decision where the claimant presents a "colorable constitutional claim," but that the mere allegation of a due process violation without sufficient supporting factual allegations is not sufficient. *Id.*

Plaintiff argues that the case of *Courtney v. Saul*, 827 Fed.Appx 738 (9th Cir. 2020) supports this Court's judicial review of his claims. ECF No. 13 at 3. In *Courtney*, the claimant alleged that her SSI benefits were improperly adjusted to recoup alleged overpayments. *Id.* at 739. The district court dismissed for lack of jurisdiction, concluding Courtney had failed to exhaust administrative remedies. The Ninth Circuit stated that "if the SSA recovers an overpayment without rendering a decision on a claimant's preliminary request to waive recoupment, the jurisdictional requirements of 42 U.S.C. § 405(g) are met and an action in federal court can proceed." *Id.* The Circuit found the record insufficiently developed as to the exact nature of Courtney's claim and remanded "for the district court to consider in the first instance whether to exercise subject matter jurisdiction over Courtney's claim for unauthorized recovery of overpayments." *Id.*

Plaintiff argues that Magistrate Judge Barnes relied on *Courtney* to find jurisdiction. ECF No. 13 at 3 ("This Court has already held in its Order … the jurisdictional requirements are met."). Judge Barnes cited *Courtney* in the initial screening order and found the case could proceed. ECF No. 7 at 4. Circumstances have since changed, however, as a hearing has now been held and the ALJ issued a decision which was appealable to the Appeals Council. Plaintiff implicitly acknowledged that Judge Barnes' decision could be revisited after a hearing was held. ECF No. 13 at 3 ("There is no reason to revisit such a [jurisdictional] finding, unless Jameson has

an actual hearing with SSA officials."). It is undisputed Plaintiff has now had a hearing.

Defendant states that no overpayment has been recovered. ECF No. 17 at 2 ("SSA has not recovered any portion of the overpayment."). Plaintiff's position appears to be that SSA has recovered overpayment because SSI benefits were suspended, and argues the withholding of payments "is clearly tantamount to recovering monies." ECF No. 18-1 at ¶ 20. This appears to be a disagreement between the parties over whether the suspension of benefits was because Plaintiff did not qualify in those months because his countable resources exceeded the limits under 20 C.F.R. § 416.202(d) and 20 C.F.R. § 416.1205; or whether, as Plaintiff seems to contend, the suspension was to collect on past overpayment.

Regardless of whether the principles in *Courtney* established jurisdiction at the outset of this action, those principles no longer apply given the ALJ decision and Plaintiff's failure to exhaust administrative remedies. It appears that the ALJ decision of February 16, 2024 was a determination of overpayment. It states that "claimant is liable to repay the supplemental security income overpayment that accrued," and that Plaintiff may request a repayment plan. ECF No. 18 at 19. Plaintiff was advised of his right to appeal that decision to the Appeals Council. *Id.* at 14. Accordingly, it appears there has not been a final decision subject to judicial review under 42 U.S.C. § 405(g). Plaintiff's filing this action before he had exhausted administrative remedies is an alternative ground supporting dismissal of the action.

**III.   Conclusion**

Plaintiff filed a petition for mandamus seeking to compel the SSA to hold a hearing. Plaintiff stated that if a hearing was held he would voluntarily dismiss this action. A hearing was held and an ALJ rendered a decision. Plaintiff was advised he could appeal that decision to the Appeals Council. Plaintiff received the relief sought in the petition for mandamus and thus this action is rendered moot. Additionally, Plaintiff cannot seek review of the ALJ's February 2024 decision in this action, because he did not exhaust administrative remedies and thus did not comply with the "final decision" requirement of 42 U.S.C. § 405(g).

////

////

Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendant's Motion to Dismiss (ECF No. 12) is **GRANTED**.

2. The Clerk is directed to enter Judgment and close this file.

Dated: January 3, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE